MENDOTA ELECTRIC COMPANY v. NEW YORK INDEMNITY
COMPANY.[1]

December 17, 1926.

No. 25,696.

**Claim to indemnity may be enforced against insurer, even if liability has not been fixed by judgment.**

1. The holder of a policy insuring him against loss by reason of the liability imposed by law for damages on account of bodily injuries received by a third person, may enforce his claim to indemnity although liability was not established by judgment. The settlement of the claim of the injured party is prima facie evidence of liability and the amount thereof.

**When insurer may refuse to make prudent settlement unless insured contributes to the fund.**

2. Where the insured is clearly liable and the insurer, after undertaking the defense of the action, refuses to make a prudent settlement unless the insured contributes a portion of the amount required, the refusal must be made in good faith and upon reasonable grounds for the belief that an excessive amount is demanded for a settlement.

**Demurrer to complaint overruled on appeal.**

3. The facts alleged in the complaint and the fair inferences therefrom would justify a recovery if sustained by competent evidence.

Liability Insurance, 36 C. J. p. 1115 n. 72 New; p. 1116 n. 93, 94, 97; p. 1124 n. 21.
Pleading, 31 Cyc. p. 52 n. 76; p. 289 n. 61.

Plaintiff appealed from an order of the district court for Ramsey county, Michael, J., sustaining defendant's demurrer to the complaint. Reversed.

*Daggett & Pew*, for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly*, for respondent.

[1]Reported in 211 N. W. 317.

LEES, C.

This is an appeal from an order sustaining a demurrer to the complaint.

Omitting the formal allegations, the facts set forth are as follows: Plaintiff furnished electric light and power to consumers in and near the town of Mendota. Defendant had insured plaintiff in the sum of $5,000 against loss by reason of the liability imposed by law for damages on account of bodily injuries received by any one person not employed by plaintiff. Mike Finch, who was not plaintiff's employe, suffered severe injuries and brought suit against plaintiff and the Northern States Power Company and the Tri-State Telephone & Telegraph Company to recover damages. The complaint states that the injuries were sustained "under circumstances creating clear liability on the part of this plaintiff  *  *  *  for damages." Defendant undertook the defense of the action in plaintiff's behalf and agreed with plaintiff that, if it were possible to satisfy plaintiff's liability to Finch, it would pay the amount required of plaintiff to effect a settlement provided it did not exceed $5,000.

Finch's action came on for trial in the district court of Ramsey county in November, 1925. While the trial was in progress, Finch agreed to accept $18,000 in full settlement of his claim for damages. The defendants in that action and the defendant in the present action were represented by capable attorneys whose opinion it was that the proposed settlement was advisable. The Northern States Power Company agreed to contribute and did contribute $2,000 and the Tri-State Telephone & Telegraph Company $11,250, leaving $4,750 to be contributed by this plaintiff. It requested this defendant to contribute that amount, but defendant repudiated its previous agreement with plaintiff and refused to contribute more than $3,625. Cognizant of its liability to this plaintiff under the terms of the contract of insurance, defendant acted "in bad faith  *  *  *  in coercing and compelling this plaintiff to contribute to said settlement" the sum of $1,125, which plaintiff paid in order to satisfy Finch's claim. The defendant's acts were negligent and prejudicial to plaintiff's interests in that damages in excess of $5,000 might have been

recovered against this plaintiff if the settlement had not been made. The complaint concluded with a demand for judgment for $1,125.

Defendant's counsel contend that, unless plaintiff's contribution was made under duress or was exacted by defendant in bad faith, there can be no recovery. They also contend that the complaint shows that plaintiff voluntarily paid $1,125 as its share of the amount Finch demanded in settlement of his action. They cite cases holding that an insurer may contract for the exclusive right to settle claims against the insured and may exercise the right as it sees fit, subject only to the qualification that it must act in good faith; cases holding that where the insurer, in violation of its contract, refuses to assume the defense of an action brought against the insured, such an action as this may be maintained; and cases holding that, where the insurer, having undertaken the defense, fails to conduct it with ordinary skill and prudence, it is chargeable with liability for the damages which result to the insured.

Cases of the first class are New Orleans & C. R. Co. v. Maryland Cas. Co. 114 La. 154, 38 South. 89, 6 L. R. A. (N. S.) 562; Wisconsin Zinc Co. v. Fidelity & D. Co. 162 Wis. 39, 155 N. W. 1081, Ann. Cas. 1918C, 399.

Cases in the second class are St. Louis D. B. & P. Co. v. Maryland Cas. Co. 201 U. S. 173, 26 Sup. Ct. 400, 50 L. ed. 712, and Butler Bros. v. Am. Fid. Co. 120 Minn. 157, 139 N. W. 355, 44 L. R. A. (N. S.) 609.

Cases in the third class are Attleboro Mnfg. Co. v. Frankfort M. A. & P. G. Ins. Co. (C. C. A.) 240 F. 573; Douglas v. U. S. F. & G. Co. 81 N. H. 371, 127 Atl. 708. A note to U. S. Cas. Co. v. Johnston Drilling Co. 34 A. L. R. pp. 730-759, refers to and analyzes many additional cases.

The fact that the Finch case was settled before his right of action was established by judgment is not fatal to a recovery by plaintiff. The settlement is prima facie evidence of liability and the amount thereof. Butler Bros. v. Am. Fid. Co. supra. When a settlement is made in good faith to avoid the chance of an adverse verdict for a larger sum, the general rule that the damages must be ascertained

by a trial is not applicable because a trial and judgment are merely the means by which the fact and amount of liability are determined, liability being imposed by law at the time of the accident. "A sum paid in the prudent settlement of a suit is paid under the compulsion of the suit as truly as if it were paid upon execution." St. Louis D. B. & P. Co. v. Maryland Cas. Co. supra.

Where pursuant to the terms of the policy the insurer takes charge of the defense and has the exclusive right to settle, it is possible to coerce the insured into contributing part of the sum required to effect a settlement in order to avoid the risk of a recovery in excess of the indemnity given by the policy. Good faith and fair dealing are correlative obligations and the insurer owes to the insured some duties in the matter of the settlement of claims covered by the policy, Brassil v. Maryland Cas. Co. 210 N. Y. 235, 104 N. E. 622, L. R. A. 1915A, 629, and where the insured is clearly liable and the insurer refuses to make a settlement, thus protecting the insured from a possible judgment for damages in excess of the amount of the insurance, the refusal must be made in good faith and upon reasonable grounds for the belief that the amount required to effect a settlement is excessive. We think this conclusion is in accord with the principles stated in the cases cited and that no injustice to the insurer will be done if they are adopted as guides to the courts.

Keeping these principles in mind, we examine the complaint in the light of the rule that when challenged by a demurrer the pleading will be held sufficient if the facts alleged and those fairly inferable from the allegations give rise to a cause of action. First Nat. Bank v. Corp. Sec. Co. 120 Minn. 105, 139 N. W. 296.

It is a fair inference that there was no serious question about Finch's right to recover substantial damages from the defendants.

The suggestion that the allegation that Finch was injured under circumstances creating clear liability on the part of the plaintiff herein states a mere conclusion of law, has been considered. It would have been better pleading to have set forth the facts and circumstances attending the accident, but the rule that a complaint must allege facts and not mere conclusions of law does not forbid the pleading of composite facts including elements of both law and

fact, as for example a general allegation that the defendant did an act negligently or carelessly. Clark v. C. M. & St. P. Ry. Co. 28 Minn. 69, 9 N. W. 75; Dun. Dig. 7517.

The alleged fact that competent attorneys were of the opinion that Finch had a good case and advised their clients to make the settlement and the fact that defendant voluntarily contributed $3,625 and refused to pay more and thus compelled plaintiff to contribute $1,125, are sufficient in our opinion to bring the case within the liberal rule of First Nat. Bank v. Corp. Sec. Co. supra, and to entitle plaintiff to have its claim for reimbursement determined on the merits.

Order reversed.