## MENDOTA ELECTRIC COMPANY v. NEW YORK INDEMNITY COMPANY.[1]

July 13, 1928.

No. 26,377.

**Bad faith of insurer under policy of public liability not proved.**
    Bad faith, in the refusal of an insurer against liability for negligence to pay in settlement of a personal injury case against its insured the maximum amount of its liability, is not shown by mere mistake as to the liability of a codefendant of the insured and a consequent insistence, also mistaken, that the codefendant should pay a stated amount which it refused to pay.

Liability Insurance, 36 C. J. p. 1115 n. 71.

Defendant appealed from a judgment of the district court for Ramsey county, Hanft, J. Reversed.
*Montreville J. Brown,* for appellant.
*Daggett & Redlund,* for respondent.

STONE, J.
This case was here before on appeal from an order sustaining a demurrer to the complaint. There was a reversal, 169 Minn. 377, 211 N. W. 317, since which a trial resulted in a verdict for plaintiff.

[1]Reported in 221 N. W. 61.

Defendant moved for a directed verdict and thereafter for judgment notwithstanding. Both motions were denied, judgment was entered on the verdict, and defendant appeals.

Not much restatement of facts is needed. Plaintiff is an electric distributing company and sues on a policy of public liability insurance issued by defendant, the claim being that under the circumstances stated in the former opinion defendant acted in bad faith in refusing to pay more than $3,625 towards the settlement of an action brought by one Finch for serious personal injury alleged to have been sustained because of the negligence of this plaintiff and others. The maximum of defendant's policy liability was $5,000. It did contribute $3,625 to a settlement which might not have been made but for plaintiff's additional payment of $1,125. It is the purpose of this action to recover that sum.

The law of the case was established on the former appeal [169 Minn. 377, 380] to the effect that where in such a case "the insured is clearly liable and the insurer refuses to make a settlement, thus protecting the insured from a possible judgment for damages in excess of the amount of the insurance, the refusal must be made in good faith and upon reasonable grounds for the belief that the amount required to effect a settlement is excessive." Plaintiff's claim is that it was compelled to make its payment by the refusal in bad faith of defendant, its insurer, to pay more than $3,625, and the imminence of a judgment of much more than the $5,000 for which it was insured.

Our examination of the record has failed to disclose any such proof of bad faith of defendant as will support a verdict against it. The controlling testimony came from the two attorneys who conducted the original negotiations, one for plaintiff and one for defendant, and who at the trial of this case participated both as witnesses and as counsel. In the main their testimony is in agreement. The settlement was for $18,000, of which $11,250 was paid by the Tri-State Telephone & Telegraph Company, $2,000 by the Northern States Power Company, $3,625 by defendant, as plaintiff's insurer, and $1,125 (the subject matter of this action) by plaintiff.

The record puts it beyond question that counsel for defendant was sincere in his insistence that the contribution by the insurer of the Northern States Power Company should equal that of plaintiff. In that insistence he was obdurate for a long time, but finally consented to an increase from $2,000 to $3,625. The insurer of the Northern States company never increased its offer beyond $2,000. In that situation, and to avail itself of the opportunity of getting the case settled at $18,000, plaintiff's counsel advised it to contribute the necessary $1,125. He said:

"I finally had to offer to contribute the difference of $1,125 on behalf of the Mendota Electric Company, and that was done and the settlement was effected."

Concerning the attitude of defendant's counsel, he testified:

"Well, he said that he wouldn't pay any more—his company wouldn't pay any more than what they were offering, [then] $3,500, because he felt that the Northern States Power Company should contribute as much as his company should contribute, and he said that many times. I think that was the bulk of his argument * * * he saw no reason why his company should pay any more than the Northern States Power Company, and as far as I know that is the only reason he did give for not paying the further amount."

Such insistence that another party jointly sued for the tort make a given contribution is not, standing alone, evidence of bad faith. It is too natural and human an attitude for an attorney to take under such circumstances. Counsel for defendant then held that the Northern States company was just as much subject to the hazard of a large verdict as was its codefendant, this plaintiff. (The Northern States company generated and plaintiff distributed the current which had injured Finch.) That opinion was probably open to question, but there again we find no evidence of bad faith. Defendant took its position not against plaintiff but against the Northern States company. Viewed from that angle, it cannot now be properly characterized even as unreasonable. The most that can

be said is that it was mistaken with respect to the hazard as between plaintiff and the Northern States company. It takes something more than mere mistake to constitute bad faith, particularly with respect to the action of an insurer under a policy of public liability which is not absolutely bound to make a settlement. The right to control negotiations for a settlement must of course be subordinated to the purpose of the contract, which is to indemnify the insured within the contract limit. But it takes something more than error of judgment to create liability. There must be bad faith with resulting injury to the insured before there can be a cause of action. In this case, finding no evidence of bad faith, we are constrained to hold that there was no basis for the verdict, that judgment should be ordered for defendant, and that the case should be remanded with a direction to that effect.

So ordered.