Kathryn Lynn KOOYMAN, a minor, by D. Frank Kooyman, her Conservator and father and next friend, D. Frank Kooyman, Individually, and Jane Kooyman, Appellants,

v.

FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee.

No. 60608.

Supreme Court of Iowa.

June 28, 1978.

Huscher & Rittgers, Des Moines, for appellants.

Blanchard, Cless & Hanson, Des Moines, for appellee.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, REES and HARRIS, JJ.

REES, Justice.

This is an appeal by Kathryn Lynn Kooyman, her conservator and her parents from an order of the trial court dismissing their petition and for damages for failure to state a cause of action. We reverse in part, affirm in part and remand for further proceedings.

Plaintiff Kathryn Kooyman, a minor, was injured when she was struck by an automobile operated by Wilmer J. Van Wyk, defendant's insured. The plaintiffs instituted an action alleging the fact that Kathryn had been struck by an automobile operated by Van Wyk as she started across a public street to board a school bus. Joined as defendants in said action were the Des Moines Independent Community School District as owner of the school bus and John Brown as driver thereof. As trial was about to commence, in fact, during the process of drawing the jury, the Des Moines School District and John Brown settled their tort liability with the plaintiffs for the sum of $500,000 and the case continued to trial against Van Wyk alone, which resulted in a verdict in plaintiffs' favor in the aggregate sum of $600,000. Van Wyk was insured and covered by the defendant Farm Bureau Mutual Insurance Company (hereinafter Farm Bureau) for the sum of $25,000 for injury to one person. Following the entry of the verdict, Farm Bureau paid into court the sum of $25,000, together with interest and court costs, which it claimed discharged its policy obligations. Execution was issued against Van Wyk and levy made on his property, resulting in a collection of $14,285.64, less $247.07 costs. Van Wyk then assigned to the plaintiffs any and all claims and rights of whatsoever kind and

nature which Van Wyk had or might have against the defendant Farm Bureau.

Plaintiffs then instituted the instant action against Farm Bureau by filing their petition in four divisions. Each of the divisions contained allegations that on April 27, 1973 Kathryn Lynn Kooyman was injured when she was struck by an automobile driven by Van Wyk who was insured by Farm Bureau; that Kathryn's injuries included the severance of her spinal cord, resulting in permanent and complete paralysis of the body from the chest to the lower extremities. Each division further recited that in the trial court a suit had been filed by the plaintiffs seeking to recover the sum of $4,000,000 against Van Wyk, Des Moines Independent Community School District and John Brown, and that the Des Moines Independent School District and Brown had settled with the plaintiffs for the sum of $500,000. The petition further alleged that on the trial of the case judgment was rendered against Van Wyk for the sum of $600,000. Plaintiffs further alleged Farm Bureau had tendered into court the sum of $25,000 with interest toward the payment of said judgment.

Division I of plaintiffs' petition was brought under the provisions of § 516.1, The Code, and asserted Farm Bureau had been guilty of bad faith in its refusal to negotiate and settle plaintiffs' claim against Van Wyk. In division II of their petition, plaintiffs alleged Farm Bureau was negligent in failing to provide adequate counsel to investigate plaintiffs' claims and defenses available in the case; to adequately prepare for trial; to seriously evaluate plaintiffs' damage and the potential verdict therefor; to negotiate in good faith the settlement of the case; to advise Van Wyk of his right to hire his own counsel and of the fact Farm Bureau was defending him at a minimum expense because of the comparatively low limits of his policy; and to inform Van Wyk that Farm Bureau did not intend to fully defend him.

Division III of the petition asserted the same matter as was pleaded in division I, but based the claim therein on the assign-ment of rights running in favor of plaintiffs obtained from Van Wyk. Division IV raised the same matter as was pleaded in division II, based however on the Van Wyk assignment.

On October 28, 1976 defendant filed several motions: (1) a motion to dismiss all four divisions of the petition on the ground no allegation was made therein that plaintiffs would have settled within the policy limits of $25,000; (2) to dismiss the two divisions alleged to have been brought under the provisions of § 516.1, The Code, since said section afforded the plaintiffs only the rights of the insured Van Wyk, and that Van Wyk's rights had been extinguished by the payment into court by Farm Bureau of an amount equal to the limits of the policy; (3) a motion for more specific statement to require plaintiffs to plead the amount each plaintiff was seeking, and whether plaintiffs ever offered to settle within the policy limits in addition to the amount which could have been recovered from Van Wyk personally, and generally to make the pleading more specific; (4) a motion to strike irrelevant and immaterial matter; and (5) a motion to require plaintiffs to recast their petition into a concise, single document.

Plaintiffs resisted all of said motions, claiming that each division of their petition set out a claim for relief in conformity with rule 69, Rules of Civil Procedure. They resisted the motion to dismiss the two divisions of the petition brought under the provisions of § 516.1 on the ground that said section does not restrict recovery to policy limits where bad faith on the part of the company is alleged. The plaintiffs resisted the motion for more specific statement on the ground the motion sought the pleading of evidentiary matter which was available to defendant by way of discovery. Plaintiffs resisted the motions to strike and to recast the pleadings by asserting generally the motions were not meritorious.

Plaintiffs subsequently amended their petition following which Farm Bureau renewed its motions. After hearing, the trial court entered its ruling, holding that the

motion to dismiss divisions I and II which were brought in conformity with § 516.1 was without merit on the basis of our holding in *Trask v. Iowa Kemper Mutual Insurance Company,* 248 N.W.2d 97 (Iowa 1977), in which we held § 516.1 should be construed as statutorily assigning the rights of an insured to an unsatisfied judgment creditor, i. e., the plaintiffs in this case. While the trial court overruled the motions for more specific statement and to strike and to recast the pleadings, it sustained Farm Bureau's motion to dismiss the entire petition on the ground plaintiffs had not alleged an offer on their part to settle the case for an amount equal to or less than the policy limits, plus any amount recovered from Van Wyk personally, and so had no basis to allege bad faith on the part of Farm Bureau. The trial court further held the allegations of divisions II and IV of plaintiffs' petition asserting Farm Bureau was negligent in conducting the defense of the insured did not constitute the pleading of a viable cause of action since negligence, unaccompanied by bad faith, cannot form the basis of a maintainable suit.

Plaintiffs state the following issues for review:

(1) That trial court erred in determining a claim for the amount of an original judgment against an insured in excess of the limits of a policy of insurance brought against an insurance carrier based on alleged bad faith in conducting settlement negotiations and the defense of the insured must embrace an allegation that a demand for settlement had been made within the policy limits in order to state a claim for relief in compliance with rule 69, Rules of Civil Procedure. Defendant's second issue stated for review embraces the same subject matter.

(2) Trial court erred in determining that divisions II and IV of plaintiffs' petition, alleging negligence on the part of Farm Bureau in the conduct of the defense of its insured, Van Wyk, as a ground for recovery in excess of the policy limits, did not state a claim upon which relief could be granted since no bad faith on the part of Farm Bureau was therein alleged.

(3) That a denial of the relief sought in plaintiffs' petition allegedly occasioned by the negligence of Farm Bureau which controlled the defense of the claim against its insured, is a denial of equal protection. As this issue was raised for the first time on appeal, we decline to consider it, since constitutional issues cannot be presented initially at the appeal level. *Pieper v. Harmeyer,* 235 N.W.2d 122, 126 (Iowa 1975); *Wolfs v. Challacombe,* 218 N.W.2d 564, 570 (Iowa 1974).

I. In plaintiffs' first issue for review, they assert the trial court erred in dismissing divisions I and III of the plaintiffs' petition for failure to state a claim upon which relief could be granted. The court based its ruling upon defendant's assertion the petition failed to state such a claim, since plaintiffs failed to allege an offer to settle was made within the policy limits of $25,000. Plaintiffs claim such an assertion or allegation was unnecessary since their cause of action pleaded in divisions I and III of the petition, as amended, was based upon the claimed bad faith of the defendant in the settlement negotiations and in the handling of the insured's defense.

Motions to dismiss for failure to state a claim should be sustained by trial courts if "it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any state of facts which could be proved in support of the claim asserted. In making this determination the pleading should be construed in a light most favorable to the pleader with doubts resolved in his favor and the challenged allegations accepted as true." *Weber v. Madison,* 251 N.W.2d 523, 525 (Iowa 1977); *Murphy v. First National Bank of Chicago,* 228 N.W.2d 372, 375 (Iowa 1975).

Viewed in the light of the above enunciated standard, we must determine whether the petition stated a viable, legal claim for relief. Normally, the question of the liability of an insurance company in excess of its policy limits with its insured, has arisen

when the company refused to accept an offer of settlement within the limits of the policy. We have said that an insurance company may be liable in excess of the limits of its policy where it was established the company acted in bad faith. See *Trask v. Iowa Kemper Mutual Insurance Company,* 248 N.W.2d at 100; *Koppie v. Allied Mutual Insurance Co.,* 210 N.W.2d 844, 846–847 (Iowa 1973); *Kohlstedt v. Farm Bureau Mutual Insurance Company,* 258 Iowa 337, 339, 139 N.W.2d 184, 185; *Ferris v. Employers Mutual Casualty Company,* 255 Iowa 511, 515–516, 122 N.W.2d 263, 266; *Henke v. Iowa Home Mutual Casualty Company,* 250 Iowa 1123, 97 N.W.2d 168.

One of the central questions in this appeal is whether a claim for excess liability is viable where no offer of settlement within the limits of the policy was alleged to have been made to the insurance company. If the divisions of the petition in question, namely, divisions I and III, alleged only that defendant had conducted the settlement negotiations in bad faith without stating that the plaintiffs had made an offer within the settlement limits, we might be inclined to agree that plaintiffs had failed to state a cause of action. We have said that if the insurance company received settlement offers that are all in excess of the policy limits, the company's refusal to accept them would not establish bad faith on the part of the company. See *Kohlstedt v. Farm Bureau Mutual Insurance Company,* 258 Iowa at 343, 139 N.W.2d at 187. However, in the matter before us here, plaintiffs also allege in divisions I and III of their petition that defendant acted in bad faith in conducting the defense of the insured. It is clear an insurance company can be liable in excess of the limits of its policy for conducting the defense of an insured at a trial in bad faith. See 45 C.J.S. Insurance § 933 at 1060. Therefore, since such an allegation was pleaded in divisions I and III, and as we are required to look at the pleading in a light most favorable to the pleader, we conclude the allegations of divisions I and III of plaintiffs' petition effectively stated a claim upon which relief could be granted, and that the trial court erred in dismissing divisions I and III of plaintiffs' petition for failure to state a claim.

■ II. We turn now to a consideration of plaintiffs' contention the trial court erred in dismissing divisions II and IV of their petition, which are based on the claimed negligence of Farm Bureau in improperly conducting the defense of its insured, Van Wyk, and other specifications, all of which are based on negligence charged against Farm Bureau.

In *Ferris v. Employers Mutual Casualty Company,* 255 Iowa at 515–516, 122 N.W.2d at 266, we seemed to have settled the question as to whether excess recovery action must be based on bad faith, and to have committed us to the rule that the test is one of bad faith, and said:

"We think it necessary that we determine at this point whether an excess recovery action must be based upon bad faith, or upon negligence, or upon both. As the Drake Law Review article above referred to points out, there is great confusion in the courts at this point. Some adopt the bad faith test; some the negligence test; and some combine features of both. Insurer's Liability Exceeding Policy Limits, 7 Drake Law Review, 25, 26, 27. Many cases do not distinguish which test is being followed, and some erroneously refer to what are really negligence tests as bad faith. It would be impossible to analyze the many cases which have used one test or the other, or a combination of both. We think our own case of *Henke v. Iowa Home Mutual Casualty Company,* 250 Iowa 1123, 97 N.W.2d 168, has committed us to the rule that the test is one of bad faith, but that some negligences may be material on that issue. We said: 'Failure to do so (to use care and diligence in investigating the case) will be held negligence and will have an influence on the issue of bad faith.' Loc. cit. 250 Iowa 1131, 97 N.W.2d 174. We think this statement should be modified to the extent that not every negligence of the insurer should be held evidence of bad faith. It is only acts of negligence that

show or permit an inference of indifference to or disregard of the interest of the insured that can fairly be said to support a charge of bad faith."

Plaintiffs, in divisions II and IV of their petition, bottomed their claims solely on alleged negligence of defendant. Our commitment to the "bad faith" test impels us to hold the trial court was correct in dismissing divisions II and IV of the petition.

In sum, we therefore hold the trial court erred in dismissing divisions I and III of plaintiffs' petition, and remand this case for further proceedings thereon in conformity herewith.

REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.