**William E. BROCK, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**Michael LAURITZEN and Marilyn Lauritzen, individually and doing business as Lauritzen Farms, Defendants.**

**Civ. A. 84–C–980.**

United States District Court, E.D. Wisconsin.

Sept. 30, 1986.

———

Leonard A. Grossman, U.S. Dept. of Labor, Office of the Sol., Chicago, Ill., for plaintiff.

Walter A. Urick, Hart, Mich., Richard Van Orden, Grand Rapids, Mich., for defendants.

## DECISION and ORDER

TERENCE T. EVANS, District Judge.

Currently several motions are pending in this action, brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

On December 20, 1985, 624 F.Supp. 966, I granted the motion of the Secretary of Labor for partial summary judgment, determining that the migrant workers who pick cucumbers at defendants' farm were employees of the defendants—rather than independent contractors—and thus were within the protection of the Act.

Eight months later, on August 14, 1986, defendants moved for relief from judgment pursuant to Rule 60(b)(6) of the Fed.R. Civ.P. The Secretary opposes the motion, claiming that the motion is being used as a substitute for appeal, that defendants have not met the requirements of relief pursuant to Rule 60(b)(6), and that in any case, the motion is simply a rehash of the arguments presented earlier in connection with the motion for partial summary judgment.

Rule 60(b) provides for extraordinary relief only in exceptional circumstances. *McKnight v. U.S. Steel Corp.*, 726 F.2d 333 (7th Cir.1984). Here, the defendants have clearly failed to meet those circumstances. In addition, the motion is merely a repetition of arguments previously considered. The motion is denied.

The Secretary has moved to amend the complaint to add a corporation newly formed by defendants Michael and Marilyn Lauritzen, and to remove the question of back wages from this litigation. The motion is unopposed. In addition, at the deposition of Michael Lauritzen on July 1, 1986, counsel for defendants indicated that if the Secretary wanted a stipulation to "clean up [the] pleadings" he would agree (p. 10). The motion is granted.

Several individuals who have worked on Lauritzen Farms on at least one occasion since 1982 have moved to intervene in this action as party defendants pursuant to both Rule 24(a) and (b)—intervention as of right and permissive intervention. The Secretary opposes the motion on the basis that the application is untimely; that the persons do not have a protectable interest in the litigation; that any interest they arguably have is adequately protected by the existing parties; and that the proposed intervenors have no claim to defense in common with the main action.

■ The proposed intervenors have failed to meet the requirements for intervention—either permissive or as of right. The application is untimely. In addition, the interest of the proposed intervenors is—as they state—to protect their status as independent contractors with Lauritzen Farms. That interest is identical to the interest so vigorously propounded by the defendants to this action. Common sense—which is not always irrelevant in these matters—also indicates that the interest of the proposed intervenors is identical to the defendants: they are represented by defendants' attorney, who could hardly be expected to represent interests not like those of the defendants. The motion to intervene is denied.

The Secretary of Labor has moved for partial summary judgment and immediate injunctive relief. Because the motion to amend the complaint removing back wages from this case has been granted, the motion is actually a motion for summary judgment on all the remaining issues in this action.

■ The undisputed facts, primarily taken from the deposition of defendant Michael Lauritzen on July 1, 1986, are as follows. The defendants have been engaged individually and as partners and, subsequent to August 22, 1984, as a Wisconsin corporation, in the operation of farms in Waupaca and Waushara Counties in Wisconsin. They have employees engaged in the production of goods for commerce, particularly cucumbers and other produce, and have had employees handling goods moved in interstate commerce. Dur-

ing each of the years in question, the defendants have had a gross volume of sales of not less than $250,000.

The harvest season on the Lauritzen farms begins each year about July 20 and ends approximately on Labor Day. Each year the defendants use approximately 40 or more migrant families to harvest their cucumbers. They have used more than 500 man days of agricultural labor in at least one quarter of a calendar year in each year since at least 1981. Lauritzen is familiar with the Minimum Wage and Child Labor provisions of the Fair Labor Standards Act, and has been since at least 1972.

Beginning with the 1984 season, the defendants stopped keeping any records of hours worked by the cucumber harvesters. Sometime before 1984, they ceased keeping records showing the names and ages or birth dates of all members of each family group. In addition, Lauritzen refuses to obtain such information in the future or keep any records of that sort of information. He has failed and refuses to determine the number of workers in each family group who work each day, and he says that he will not do so in the future. He has failed to determine the number of hours worked by each worker, and refuses to do that in the future. Lauritzen is aware that minors are present from time to time in his fields. He has failed, however, to determine whether minors younger than 18, and particularly younger than 12, are harvesting cucumbers. He states that he will not keep those records in the future. The workers who harvest the Lauritzen cucumbers, with rare exceptions, do not commute daily from their own permanent residence to the farms.

Lauritzen has refused in the past to guarantee the minimum wage to his workers. He does not instruct families not to bring their children in the field, nor does he intend to prohibit children under 12 from harvesting cucumbers. He refuses to guarantee the minimum wage to the harvesters in the future, and states that he does not intend to make up the difference if his workers do not earn $3.35 per hour.

On the basis of these undisputed facts, the Secretary of Labor contends that an injunction is appropriate under 29 U.S.C. § 217. The Secretary contends that injunctive relief is appropriate where there is inadequate assurance of future compliance with the Act. The defendants state in opposition to the motion that they have not in the past willfully violated any of the provisions of the Fair Labor Standards Act in that they at all times had a good faith belief that they were not an employer under the Act. They contend that there is no proof that they are in violation of the Minimum Wage and Child Labor provisions. They state their willingness, however, to comply with an injunction if one is entered. Finally, they argue that the Secretary will not be prejudiced if the injunction is not issued immediately, and that a decision on the injunction should await a decision on the motion of the migrant families to intervene in this action.

29 U.S.C. § 217 provides the district courts with jurisdiction to restrain violations of the Act. An injunction can be granted under the Fair Labor Standards Act if the Secretary of Labor has established violations of the Act. *Hayes Bros., Inc. v. Economy Fire & Casualty Co.*, 634 F.2d 1119 (8th Cir.1980). In addition, an injunction is appropriate when there are inadequate assurances that a party subject to the provisions of the Act will comply with the Act in the future. *Dunlop v. Davis*, 524 F.2d 1278 (5th Cir.1975). *Beneficial Finance Co. v. Wirtz*, 346 F.2d 340 (7th Cir.1965).

Here, the defendants have no longer any good faith defense to the action. I determined, on December 20, 1985, by written decision, that the workers at the Lauritzen farm were employees within the protection of the Act. Since that time, at the deposition on July 1, 1986, Michael Lauritzen has stated quite unequivocally that he does not intend to comply with the provisions of the Act.

Accordingly, there is little choice here but to enjoin the defendants from future violations of the Fair Labor Standards Act.

Because the back wage claims have been dropped from this action, the issuance of the permanent injunction closes the case. The Clerk of Court will enter an injunction on this date enjoining the defendants from violating the Fair Labor Standards Act.