Lewis CRAVEN, Appellant (Plaintiff Below),

v.

NIAGARA MACHINE AND TOOL WORKS, INC., Appellee (Defendant Below).

No. 2–280A48.

Court of Appeals of Indiana, Fourth District.

Sept. 8, 1981.

Rehearing Denied Oct. 8, 1981.

Thomas D. Strodtman, Indianapolis, for appellant.

Henry E. Bradshaw, John P. Price, Grace M. Curry, Bingham, Summers, Welsh & Spilman, Indianapolis, for appellee.

YOUNG, Justice.

Appellee-defendant Niagara petitions for rehearing of our decision of March 23, 1981, Ind.App., 417 N.E.2d 1165, reversing the trial court's entry of judgment on the evidence for Niagara. We grant the petition for rehearing and examine further the issue of plaintiff's burden of proof concerning substantial change.

Niagara argues, among other things, that we incorrectly decided the questions regarding substantial change and causation when we held that substantial change in the product after sale is a question of foreseeable or unforeseeable intervening superseding cause. After a re-examination of the record, we agree that the ultimate decision on the case was incorrect, however, we remain convinced that substantial change, by definition, involves the question of foreseeability.

■ Substantial change has been defined in Indiana as "any change which increases the likelihood of a malfunction, which is the proximate cause of the harm complained of, and which is independent of the expected and intended use to which the product is put. *Cornette v. Searjeant Metal Products, Inc.,* (1970) 147 Ind.App. 46, 258 N.E.2d 652. This definition, we believe recognizes that strict liability can be imposed even though the product is altered or changed if it is foreseeable that the alteration would be made and the change does not unforeseeably render the product unsafe. Therefore, the question involved is whether the alteration of the product was a superseding cause of the injury. See *Hales v. Green Colonial, Inc.,* (8th Cir. 1974) 490 F.2d 1015; *Mazzi v. Greenlee Tool Co.,* (2nd Cir. 1963) 320 F.2d 821.

■ Although we believe we correctly set forth the effect of substantial change in a strict liability case, we failed to give proper consideration to plaintiff's burden of establishing that no substantial change occurred. The Restatement of Torts, 2nd, § 402A(1)(a) and (b) establishes positive proof requirements for the plaintiff. *Cornette, supra.* Specifically, under Section 402A(1)(b), *supra,* plaintiff must carry the burden of proving that no substantial change in the condition of the product occurred. *Id.* By definition, plaintiff must offer evidence that the changes did not increase the danger in not using safety blocks or the likelihood of the ram falling which caused the injury and that the changes could have

been reasonably expected, i. e. foreseeable. Plaintiff offered no evidence that the changes were foreseeable. He did offer evidence that the palm buttons increased the safety by its method of actuating the press, however, he failed to provide any evidence that the internal changes did not increase the danger of the ram falling (which was the factor making his nonuse of the safety blocks so dangerous). With this failure of evidence and his failure to show that the ram had a propensity to fall at the time of the sale, there was no evidence from which a reasonable inference could be drawn that these changes were not the superseding cause of the injury. The only reasonable inference would be that this risk of the ram falling, creating the unreasonable danger in not using safety blocks, developed sometime after it left the hands of the manufacturer through one of these changes. Thus, he failed to carry his burden by not offering evidence from which a jury could reasonably infer no substantial change occurred.

Finding that plaintiff failed to establish a prima facie case on the issue of lack of substantial change, we grant rehearing and affirm the trial court's judgment on the evidence.

Rehearing granted; trial court affirmed.

CHIPMAN, P. J., and MILLER, J., concur.