Lois D. DENNETT, f/k/a Lois D. Tribble, Plaintiff-Appellee,

v.

CITY OF DES MOINES, Iowa, Defendant-Appellant.

No. 83–753.

Court of Appeals of Iowa.

Feb. 21, 1984.

Loren J. Braud, Asst. Des Moines City Atty., for defendant-appellant.

Robert W. Pratt of Hedberg, Brick, Tan, Pratt, Ward & Vonderhaar, Des Moines, for plaintiff-appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Defendant appeals from a judgment for the plaintiff in a personal injury action. We affirm.

On July 6, 1981, plaintiff, Lois D. Dennett, fell on a public sidewalk in the 200 block of S.W. 5th Street in Des Moines. Plaintiff alleges that the defendant-city was negligent for not repairing or barricading the cracked sidewalk. After a trial the jury returned a verdict in favor of the plaintiff for $173,743 and found plaintiff was 75 percent negligent. The trial court entered judgment against defendant and in favor of plaintiff in the sum of $43,435.75.

On appeal defendant asserts: (1) that the trial court erred in overruling defendant's motions for directed verdict and judgment notwithstanding the verdict since there was insufficient evidence presented on the issue of actual or constructive notice of the defect; and (2) that the trial court erred in rejecting two of defendant's proposed jury instructions on the issue of the measure of damages.

Our review of this ordinary action at law is on assigned error. Iowa R.App.P. 4.

I. *Motions for Directed Verdict and Judgment Notwithstanding the Verdict.* A directed verdict or a judgment notwithstanding the verdict in defendant's favor is appropriate if there is no substantial evidence in support of one of the elements of plaintiff's claim. *Valadez v. City of Des Moines*, 324 N.W.2d 475, 478 (Iowa

1982). However, after viewing the evidence in the light most favorable to the plaintiff, if reasonable minds could differ on the issue, it is appropriate to submit the issue to the jury and the verdict should be upheld. *Id.* at 477–78. In order for the plaintiff in this case to recover, she must prove that the city had actual or constructive notice of the defective condition and a reasonable opportunity to remedy it. *Anderson v. City of Fort Dodge*, 213 N.W.2d 527, 528 (Iowa 1973). There was no allegation or evidence of actual notice to the city. Defendant claims that there was no substantial evidence of constructive notice and that plaintiff's case must fail for that reason. However, the supreme court has held that the length of time sufficient to constitute constructive notice and a reasonable opportunity to remedy the defect depends upon the facts of each case and is generally a question for the factfinder. *Hovden v. City of Decorah*, 261 Iowa 624, 626–27, 155 N.W.2d 534, 536 (1968). In this case the defendant's own witness testified, "I would say the deterioration that has taken place along this crack would take quite some time." Other witnesses testified that it was common knowledge in the area that large trucks frequently crossed over the sidewalk at that point. From this evidence and the jury's own independent viewing of the scene, the jury could have concluded that the sidewalk crack had existed long enough that the city should have known about it and repaired it.

II. *Damages.* The trial court's instruction to the jury on the issue of damages included the following paragraph:

The damages, if any you find, for disability, for pain and suffering or for loss of earning capacity in the future, cannot be measured by any exact or mathematical standard, but the amount must rest in the sound discretion of the jury. Such discretion must not be exercised arbitrarily or out of passion or sympathy or prejudice for or against either party but must be based upon a fair, intelligent, dispassionate and impartial consideration of the evidence.

This language was taken from I Iowa Uniform Jury Instructions 3.9 (1982). Defendant appeals the trial court's failure to give the following two requested instructions on the same issue:

No. 6 In order to be entitled to an award of damages, the plaintiff has the burden of proving the value of the damages as to each item with some reasonable measure of certainty. To authorize recovery, facts must exist and be shown by the evidence which afford a reasonable basis for measuring the Plaintiff's loss, if any.

No. 7 The amount of damages may not be determined by mere speculation, conjecture, or surmise.

We hold that the instruction as given was a fair and accurate statement of the law. Defendant contends that plaintiff must show the value of her loss with greater specificity. The supreme court has held, however, that intangibles such as pain and suffering and disability "are incapable of pecuniary measurement by witnesses and must be left to the sound judgment of the fact-finder, based on the evidence." *Schnebly v. Baker*, 217 N.W.2d 708, 725 (Iowa 1974). The instruction as given properly informed the jury that its determination must be based on the evidence and cannot be arbitrary. As long as the instruction correctly states the law, the trial court is free to choose its own language and reject the formulations of counsel. *Moser v. Brown*, 249 N.W.2d 612, 616 (Iowa 1977).

[6, 7] Plaintiff testified concerning the extent of her injuries, her pain and suffering, and disability. There was ample evidence concerning the nature of the damages. Uncertainty in the specific amount of damages is not fatal to plaintiff's case as long as it is apparent that some damages have been sustained. *R.E.T. Corp. v. Frank Paxton Co., Inc.*, 329 N.W.2d 416, 420 (Iowa 1983).

AFFIRMED.