**Debby L. LYONS, f/k/a Debby L. Ruberg, Plaintiff–Appellant,**

v.

**Marvin D. LANGE, Defendant–Appellee.**

No. 88–664.

Court of Appeals of Iowa.

Aug. 23, 1989.

Steven S. Hoth of Hirsh, Adams, Hoth, Krekel, Putnam & Cahill, Burlington, for plaintiff-appellant.

Patrick L. Woodward and Craig D. Warner of Aspelmeier, Fisch, Power, Warner & Engberg, Burlington, for defendant-appellee.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

The plaintiff, Debby Ruberg, appeals the district court's order directing a verdict in favor of the defendant. The plaintiff alleged the defendant was negligent by failing to maintain a proper lookout and by failing to comply with lighting requirements on a moving vehicle towing a farm implement. On appeal, the plaintiff asserts the district court erred in granting the defendant's motion for a directed verdict.

On May 31, 1984, the plaintiff, after having dinner with friends in Fort Madison, returned to her home in Burlington at approximately 9:15 P.M. by way of U.S. Highway 61. The defendant, also proceeding in the same direction as the plaintiff on Highway 61, had finished disking a field southeast of Wever, Iowa. The defendant folded the disk to its traveling width of twelve feet to prepare it for towing behind his tractor. The tractor was equipped with road lights: two front headlights, two red taillights, and two flashing yellow lights mounted on top of the tractor cab approximately eleven feet above the ground, and all were in use and in working order.

The rear of the disk was also equipped with three reflective devices: a slow-moving vehicle sign in between two smaller red reflectors. At the time of the accident, defendant, Marvin Lange, was driving with his right wheels on the right shoulder in order to keep to the right of the center line. The traffic was moderately heavy at the time of the accident. Mr. Lange was traveling approximately fourteen miles per hour, and Ms. Ruberg was proceeding at approximately fifty-five miles per hour. The plaintiff approached the defendant's tractor-disk from the rear. She testified

she did not see it until she was almost upon it. A collision ensued. The road was straight at the site of the accident, and the plaintiff's view was unobstructed.

We review on errors assigned. Iowa R.App.P. 4. In determining whether a jury question was engendered when a party seeks a directed verdict, we apply the same principles as the trial court: namely, we view the evidence in the light most favorable to the nonmoving party, regardless of whether such evidence is contradicted, to determine if reasonable minds could differ on the issue. *Harvey v. Palmer College of Chiropractic*, 363 N.W.2d 443, 444 (Iowa App.1984). If reasonable minds could differ, the issue is for the jury. *Id.*

■ The plaintiff contends the district court erred in granting the defendant's motion for a directed verdict regarding the plaintiff's issue of the defendant's failure to keep a proper lookout. The following definition of failure to keep a proper lookout was approved in *McCoy v. Miller*, 257 Iowa 1151, 1156–57, 136 N.W.2d 332, 336 (1965):

> The law provides that any person driving a motor vehicle on a highway shall keep a proper lookout for other persons using the highway and for all objects which might conflict with his or her use of the highway.
>
> By a "proper lookout" is meant that lookout which would be *maintained by an ordinarily reasonable and prudent person* under the same or similar circumstances.
>
> "Proper lookout" means more than merely to look straight ahead or more than seeing the objection. It implies being watchful of the movements of the driver's own vehicle in relation to the things seen and which could have been discerned or seen in the exercise of ordinary care. The duty of lookout to the rear does not require constant attention at all times, *but only sufficient observation to establish an awareness of the presence of others at a time when a maneuver is contemplated which may endanger a following vehicle.*

(Emphasis added.) A proper or sufficient lookout is further determined "by the particular surrounding circumstances as revealed by the evidence then under consideration." *Jesse v. Wemer & Wemer Co.*, 248 Iowa 1002, 1011, 82 N.W.2d 82, 86 (1957).

Clearly the defendant was not engaged in a maneuver which could have endangered a following vehicle. Mr. Lange was proceeding in an orderly fashion in a northerly direction down the highway. His speed was anywhere from ten to fourteen miles per hour. He was traveling with his right tires on the shoulder of the road so as to not obstruct oncoming traffic in the lane traveling to the south. There is no evidence to the contrary. Given these facts, we agree with the district court that he was entitled to a directed verdict on this issue.

■ The plaintiff next argues the district court erred in granting Mr. Lange's motion for a directed verdict on the issue of his failure to comply with the lighting requirements of Iowa Code section 321.398 (1985). We initially note the accident occurred in 1984. However, the language of Iowa Code section 321.398 is identical as between both years. It states:

> All vehicles, including animal-drawn vehicles and including those referred to in section 321.383 not hereinbefore specifically required to be equipped with lamps, shall at the times specified in section 321.384 be equipped with at least one lighted lamp or lantern exhibiting a white light visible from a distance of five hundred feet to the front of such vehicle and, except for animal-drawn vehicles, with a lamp or lantern exhibiting a red light visible from a distance of five hundred feet to the rear.

Iowa Code section 321.383(1) (1984) states:

> This chapter with respect to equipment on vehicles does not apply to implements of husbandry, road machinery, bulk spreaders and other fertilizer and chemical equipment defined as special mobile equipment, road rollers, or farm tractors except as made applicable in this section.

Ms. Ruberg argues because implements of husbandry are distinguished from farm tractors in this subsection, The Code, pursuant to section 321.398, requires a red light on the rear of the disk as well as the tractor. We disagree. To make this argument completely disregards the plain meaning of Iowa Code section 321.383, that such requirements are not applicable. Statutes are to be construed as harmonizing. *Office of Consumer Advocate v. Iowa State Commerce Comm'n*, 376 N.W.2d 878, 881 (Iowa 1985).

Further, the officer in attendance at the scene of the accident stated the tractor Mr. Lange was driving was equipped with red rear lights which were in working order. Ms. Ruberg testified she did not see them. We have said a directed verdict is appropriate if there is not substantial evidence in support of the plaintiff's claim. *Dennett v. City of Des Moines*, 347 N.W.2d 691, 692 (Iowa 1984). We find the plaintiff did not establish substantial evidence in support of her claim and, therefore, affirm the trial court in this regard as well.

We similarly decide plaintiff's remaining argument. Ms. Ruberg contends the district court erred in granting Mr. Lange's motion for a directed verdict on the issue of the defendant's failure to comply with the lighting regulations as contained in the 820–[7, E] Iowa Administrative Code 3.1(321), and 3.2(321) (1984). These rules are intended to implement Iowa Code sections 321.383 and 321.423. Iowa Code section 321.423(6) states:

> A farm tractor, farm tractor with towed equipment, self-propelled implement of husbandry, ... or other vehicle principally designed for use off the highway which, when operated on a primary or secondary road, is operated at a speed of twenty-five miles an hour or less, shall be equipped with and display an amber flashing light visible from the rear at any time from sunset to sunrise.

The uncontroverted evidence is that Mr. Lange's tractor was equipped with a functioning yellow flashing light which was in use at the time of the accident. Ms. Ruberg asserts that because Mr. Lange's trac-

tor and disk also could be defined as a slow moving vehicle pursuant to 820–[7, E] Iowa Administrative Code section 3.1(321) (1984), that he was required to have a flashing light in addition to a slow moving vehicle reflector as required under 820–[7, E] Iowa Administrative Code section 3.2(321) (1984). We disagree. The Administrative Code is meant to implement the applicable enabling statutes. Iowa Code sections 321.383 and 321.423 consistently exclude tractors towing farm implements from those lighting requirements of other vehicles.

For these reasons, we affirm the decision of the district court granting the defendant a directed verdict.

AFFIRMED.