**Randall SCHNEIDER, Individually, and Randall Schneider, As Next Friend of Byron Schneider, Appellee,**

v.

**George MIDDLESWART, Appellant.**

**No. 89–553.**

Court of Appeals of Iowa.

April 24, 1990.

P.F. Elgin of Elgin, Clogg & Patin, Indianola, for appellant.

David Shinkle, Des Moines, for appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

HABHAB, Judge.

Appellant George Middleswart appeals the district court's judgment, following a jury trial, awarding appellee $1,500 in actual damages and $20,000 in punitive damages for an assault committed by appellant. We affirm.

The parties to this action are adjoining landowners in rural Warren County who have quarreled on a variety of topics over several years. This litigation is the culmination of their feud. We need not reexamine the history of this rancor except as to the individual assaultive act which forms the basis for this appeal.

On October 31, 1987, appellee Randall Schneider and two of his minor sons were pheasant hunting on an adjoining neighbor's property when Middleswart sped into the field with his pickup and pulled up beside Schneider. Middleswart proceeded to yell, out of the window of his pickup, at Schneider to "Get the hell out of here. You're trespassing." When Schneider retorted that Middleswart had no business telling him he was trespassing because he wasn't the owner of the property, Middleswart promptly exited his pickup with a shotgun in hand and confronted Schneider. At trial, Schneider, in explaining how he felt at this confrontation, testified: "I was scared. Scared me so bad I thought I was going to have to shoot him because I thought he was going to shoot me. I had a gun in my hand and so did my sons. It scared me very bad."

After a further exchange of words and as Schneider walked away to leave the

field, Middleswart called to Schneider, "Next time I'll get my gun and I'll blow your ass off." As a result of this confrontation, Schneider brought suit against Middleswart for assault.[1] The jury awarded Schneider compensatory damages of $1,500 and punitive damages of $20,000.

## I.

Our review is on assigned errors. Iowa R.App.P. 4. Middleswart first contends the trial court erred in not granting his motions for judgment notwithstanding the verdict and new trial. A judgment notwithstanding the verdict for defendant is appropriate where substantial evidence as to one of the elements of plaintiff's claim is lacking. *See Dennett v. City of Des Moines,* 347 N.W.2d 691, 692 (Iowa App.1984).

In ascertaining whether a jury question has been generated, we view the evidence in the light most favorable to plaintiff. *See id.* If reasonable minds could differ on the issue, the issue is one for the jury's consideration. *See id., Harvey v. Palmer College of Chiropractic,* 363 N.W.2d 443, 444 (Iowa App.1984). The Iowa Supreme Court has held "acts threatening violence to the person of another; coupled with the means, ability, and intent to commit the violence threatened, constitute an assault." *Holdorf v. Holdorf,* 185 Iowa 838, 841, 169 N.W. 737, 738 (1918). Upon the record presented here, we find there was substantial evidence as to each element of assault. As such, the trial court correctly overruled appellant's motions for both judgment notwithstanding the verdict and new trial.

## II.

The second issue presented on this appeal is appellant's assertion that the

amount of punitive damages, $20,000, awarded by the jury is excessive. Actual damages compensate the injured party for injury caused by wrongful acts; while punitive damages, which are not compensatory in design, exist to both punish and deter the offending party and other like-minded actors from conducting similar acts. *Ryan v. Arneson,* 422 N.W.2d 491, 496 (Iowa 1988). Punitive damages must be reasonably related to actual damages. *Id., McCarthy v. J.P. Cullen & Son Corp.,* 199 N.W.2d 362, 369 (Iowa 1972). Legal precedent, however, is of marginal value in assessing the punitive damage award of an individual case. *Ryan,* 422 N.W.2d at 496; *see Northrup v. Miles Holmes, Inc.,* 204 N.W.2d 850, 861 (Iowa 1973).

In ascertaining whether a punitive damage award is excessive, we consider whether the award bears reasonable relation to the malevolent actions of the defendant which resulted in injury to the plaintiff. *See Ryan,* 422 N.W.2d at 496. We find the jury's award of punitive damages was reasonably related to appellant's conduct. Middleswart's actions in angrily confronting Schneider with a shotgun at the ready are shocking and reprehensible. The situation could easily have escalated to bloodshed. We find the trial court did not abuse its discretion in denying Middleswart's motion for judgment notwithstanding the verdict or new trial based upon an excessive punitive damage award.

AFFIRMED.

HAYDEN, J., takes no part.

,

---

**1.** Schneider also brought other claims based on different actions of Middleswart, but those claims are not involved in this appeal.