**BRITT–TECH CORPORATION, A Corporation, Appellant,**

v.

**AMERICAN MAGNETICS CORPORATION, A Corporation, and River City Development Co., Ltd., A Corporation, Appellees.**

No. 89–619.

Supreme Court of Iowa.

Nov. 21, 1990.

Larry J. Cohrt of Swisher & Cohrt, Waterloo, for appellant.

Jeffrey A. Boehlert and Ronald M. Rankin of Patterson, Lorentzen, Duffield, Tim-

mons, Irish, Becker & Ordway, Des Moines, for appellee American Magnetics Corp.

Cheryl L. Weber of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for appellee River City Devel. Co.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and NEUMAN, JJ.

HARRIS, Justice.

Plaintiff manufacturer brought this action for both contribution and indemnity after settling a wrongful death action. Summary judgment was entered in favor of the defendants, one which supplied component parts to the manufacturer, and one a dealer which sold the item to the consumer. We vacate the decision of the court of appeals. We affirm the district court and remand.

The underlying wrongful death action was filed in August 1982 for the estate of Duane Hardy. Hardy was electrocuted June 7, 1982, while using a power washer manufactured by Britt–Tech. The electrocution resulted from an electrical short which existed within a transformer manufactured by American Magnetics. The transformer was purchased by Britt–Tech from American Magnetics and installed without alteration as a component part of the power washer. River City Development Company purchased the washer from Britt–Tech and sold it to Hardy.

A jury verdict was entered for Hardy's estate but was vacated when the court sustained Britt–Tech's motion for judgment notwithstanding the verdict. On appeal the case was reversed and remanded for a new trial on damages only. *See Hardy v. Britt–Tech*, 378 N.W.2d 307 (Iowa App. 1985). Following remand the wrongful death case was settled, and Britt–Tech paid the estate a substantial amount, receiving a release from the estate.

On July 24, 1987, Britt–Tech filed this petition in equity claiming both contribution and indemnification against American Magnetics and River City Development Company.[1]

Defendants answered and later filed motions for summary judgment. Although the motions lack some specificity it is clear that they were limited to Britt–Tech's claims for contribution. There was no challenge to Britt–Tech's claims for indemnity. The district court so understood the motions and addressed only the claims for contribution.

The trial court granted summary judgment in favor of both American Magnetics and River City upon a finding that Britt–Tech did not comply with Iowa Code section 668.6 (1985). We transferred the case to the court of appeals which affirmed partial summary judgment in favor of defendant River City but reversed the partial summary judgment in favor of defendant American Magnetics. The case is before us on further review.

■ I. Although Britt–Tech contends otherwise it is clear that Iowa Code chapter 668 (1989) is applicable to its contribution claims. Britt–Tech argues that the chapter does not apply because the underlying suit was brought by Hardy's estate August 2, 1982, prior to the chapter's effective date.

In rejecting Britt–Tech's position, the trial court correctly anticipated our holding in *Iowa National Mutual Insurance Co. v. Granneman*, 438 N.W.2d 840 (Iowa 1989). In *Granneman*, filed a month following the trial court ruling, we held that contribution claims filed after July 1, 1984, but arising from suits filed prior to July 1, 1984, fall within the ambit of chapter 668. *Id.* at 842.

■ II. Iowa Code section 668.6(3)[2] both provides for and limits contribution

1. Iowa Code § 668.5(2) (1989) provides:

    2. Contribution is available to a person who enters into a settlement with the claimant only if the liability of the person against whom contribution is sought has been extin-

guished and only to the extent that the amount paid in settlement was reasonable.

2. Iowa Code § 668.6(3) provides:

    3. If a judgment has been rendered, an action for contribution must be commenced within one year after the judgment becomes

recoveries. There are only two alternative routes to recovery. In order to successfully travel the first one, Britt–Tech was required to discharge the liability of American Magnetics and River City prior to June 7, 1984 (when the estate's two-year statute of limitations expired). But on that date Britt–Tech was still disputing the Hardy estate claim. Although an adverse verdict had been returned January 13, 1984, Britt–Tech sought and obtained a judgment notwithstanding the verdict. Thus Britt–Tech stood as the prevailing party until the court of appeals decision in 1985.

■ Taken alone, the constraints of section 668.6(3)(a) seem to leave tort defendants in the impossibly difficult dilemma of abandoning either their defense of the suit or their chance to seek contribution. The situation is not so desperate however when a second available alternative is considered. The legislature foresaw the possibility of unfair situations which might arise under the first alternative and therefore provided a second in section 668.6(3)(b).

The second alternative, under Iowa Code section 668.6(3)(b), allows those seeking contribution to agree to discharge liability of the person from whom contribution is sought while the action is pending and thereafter (within one year) seek contribution. To qualify under the second alternative, however, the one seeking contribution must take care to discharge the liability of the person from whom contribution is sought. To do so the release must be drawn with a view to Iowa Code section 668.7.[3]

The release obtained by Britt–Tech from the Hardy estate stated:

The Estate of Hardy does hereby remise, release and forever discharge Britt–Tech Corporation, its successors and assigns, and all other persons, firms or corporations, known or unknown. . . .

The trial court held that the release executed between Britt–Tech and the Hardy estate did not satisfy the specificity requirements spelled out in *Aid Insurance Co. v. Davis County*, 426 N.W.2d 631 (Iowa 1988), a case decided long after Britt–Tech chose its method of seeking contribution. We held in *Aid:*

In our interpretation of section 668.7, we favor a rule which would require a written release to include some specific identification of the tortfeasors to be released in order for them to be discharged. While the easier course would require naming these parties, we would not require such a rigid rule if they are otherwise sufficiently identified in the manner that the parties to the release would know who was to be benefited. Such designations might include such classes as "employers," "partners" or "officers." While this rule may require evidentiary hearings to determine the members of the class, it provides needed flexibility. Under this rule, a general designation such as "any other person, firm or corporation" would not sufficiently identify the tortfeasors to be discharged.

*Id.* at 633–34.

■ Britt–Tech relies on *Aid* for the principle that extrinsic evidence is admissible to determine whether the parties intended to discharge River City and American Magnetics. *Id.* Britt–Tech claims the extrinsic evidence (the payment by Britt–

final. If a judgment has not been rendered, a claim for contribution is enforceable only upon satisfaction of one of the following sets of conditions:

(a) The person bringing the action for contribution must have discharged the liability of the person from whom contribution is sought by payment made within the period of the statute of limitations applicable to the claimant's right of action and must have commenced the action for contribution within one year after the date of that payment.

(b) The person seeking contribution must have agreed while the action of the claimant was pending to discharge the liability of the person from whom contribution is sought and within one year after the date of the agreement must have discharged that liability and commenced the action for contribution.

3. Section 668.7 provides:

A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable discharges that person from all liability for contribution, but it does not discharge any other persons liable upon the same claim unless it so provides.

Tech for 100% of the claim—more than its share) satisfies *Aid* by identifying the released parties.

The release here was almost identical to the one we held to be insufficient in *Aid.* The trial court was correct in concluding it did not identify either American Magnetics or River City. For reasons it must have deemed sufficient, the legislature structured the sufficiency of a release on its wording, not on the subjective intent of the parties. We agree with the trial court that the release was not sufficient to qualify under section 668.7.

█ The insufficiency of the release is also answer to another of Britt–Tech's contentions. It is argued that the running of the statute of limitations renders both American Magnetics and River City free of liability on the underlying claim. But again, the legislature has pinned the right to seek contribution on the sufficiency of the release, not some other theory of defense.

We join the trial court in sympathizing with Britt–Tech's difficult dilemma. When sued by the Hardy estate, prior to the enactment of chapter 668 or our decision in *Aid,* there was no impetus for then bringing American Magnetics or River City into the suit. As the trial court pointed out in its exceptionally thoughtful ruling:

> When the injured party, Hardy's estate, brought suit in the original case, Britt–Tech could have cross-petitioned American Magnetics and River City Development. For strategic reasons Britt–Tech may well have decided to defend alone. Procedures for contribution were substantially different prior to July 1, 1984. No criticism is leveled at Britt–Tech for the manner in which it proceeded. When the "rules of the ball game" were changed as of July 1, 1984, Britt–Tech found itself in left field with no glove, so-to-speak. It could not bring American Magnetics or River City Development into the original case, it could not know the content of the *Aid* decision and it wanted to take advantage of a mutually negotiated settlement. Nevertheless, they did not meet the requirements of

chapter 668 insofar as actively achieving the extinction of liability of the parties from whom it now seeks contribution.

We agree, and affirm the trial court in sustaining the motions for summary judgment against Britt–Tech's claims for contribution. The case must be remanded for further proceedings on Britt–Tech's claims for indemnification.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED AND REMANDED.

All Justices concur except CARTER, J., who concurs specially.

CARTER, Justice (concurring specially).

As indicated in my dissent in *Aid Insurance Co. v. Davis County,* 426 N.W.2d 631, 635 (Iowa 1988), I believe that in applying Iowa Code section 668.7 (1989) the identity of released parties may be shown by parol evidence. I also believe that liability may be "extinguished" for purposes of section 668.5(2) without any release if all conceivable damages have been paid in full. In the present case, however, any discharge of the party from whom contribution is sought was untimely under section 668.6(3). That circumstance precludes a right of contribution. I therefore concur in the result.