**BRITT–TECH CORPORATION,**
A Corporation, Appellant,

v.

**AMERICAN MAGNETICS CORPORA-
TION, A Corporation, Defendant,**

and

**River City Development Co., Ltd.,**
A Corporation, Appellee.

No. 91–599.

Supreme Court of Iowa.

July 22, 1992.

---

Larry J. Cohrt of Swisher & Cohrt, Waterloo, for appellant.

David J. Dutton and Cheryl L. Weber of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for appellee River City Development Co., Ltd.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and ANDREASEN, JJ.

SCHULTZ, Justice.

The dominant issue on this appeal concerns questions of indemnification. A manufacturer who settled a wrongful death action based on products liability seeks indemnity from the former owner and seller of the product. The trial court granted summary judgment in favor of the former owner and seller of the product. On appeal from this ruling, we affirm.

In 1982, the decedent was electrocuted while using a power washer manufactured by plaintiff Britt–Tech Corporation (Britt–Tech). Decedent's estate and family brought suit against Britt–Tech alleging the washer was defective. Following a trial and on appeal, our court of appeals ruled that decedent's estate and family were entitled to a judgment against Britt–Tech; however, the case was remanded to the trial court for a new trial on damages. *Hardy v. Britt–Tech Corp.*, 378 N.W.2d 307 (Iowa App.1985). The case was settled.

Britt–Tech filed the present action seeking contribution and indemnity from American Magnetics Corporation, the manufacturer of an alleged defective part used in the product but not a party to this appeal, and defendant River City Development Co., Ltd. (River City). The district court granted both defendants' summary judgment motions against plaintiff's claims for contribution. On appeal, we affirmed the district court's dismissal of the contribution claims and remanded for further proceedings on the remaining claims for indemnity. *Britt–Tech Corp. v. American Magnetics Corp.*, 463 N.W.2d 26, 30 (Iowa 1990). River City did not challenge plaintiff's claim for indemnity; therefore, this ruling only addressed plaintiff's claim for contribution.

On remand, River City filed a motion for summary judgment claiming that as a matter of law, plaintiff was not entitled to indemnity. While the motion was pending, plaintiff filed an application to amend its petition to include a separate independent cause of action against River City for fraudulent concealment. The district court sustained River City's motion for summary judgment and denied plaintiff's application to amend the petition. On appeal, plaintiff challenges both rulings. We address them in turn.

■ I. *Indemnity.* In its petition against River City, plaintiff alleges that when the power washer was in the possession of River City, it was subject to misuse, abuse, and alterations which caused the washer's electrical component to ultimately malfunction. It also alleges that River City failed to examine or test the power washer for defects before selling the washer to decedent.

In its motion for summary judgment as set out in its memorandum of law, River City urges that plaintiff has no viable claim of indemnity against it. It emphasizes that the issue of use and misuse was litigated in the wrongful death action and its relitigation is barred by issue preclusion.

In its ruling, the district court concluded that decedent's judgment against plaintiff, secured in a product strict liability action, is a determination of fault and cannot serve as a basis for an indemnity claim. On appeal, plaintiff raises issues involving common law indemnity and challenges the district court's determination that the issue of misuse had been determined in the earlier case.

Plaintiff concedes that liability was imposed on it as a manufacturer but contends that River City's misuse and abuse of the washer caused the defect which led to decedent's death. Plaintiff seeks indemnity on common law principles but does not identify a specific principle within which its indemnity claim falls. Rather, plaintiff argues that it was an innocent manufacturer and its liability resulted from the imposition of a duty to sell goods free of defects. It argues that as an innocent manufacturer held liable for the condition of a product caused by River City's acts, it should be entitled to recover indemnity from River City. Plaintiff cites no case authority that allows a manufacturer to recover indemnity from a user.

We cannot accept plaintiff's characterization of its innocence. Plaintiff's liability is based on the sale of a defective product unreasonably dangerous to the consumer. *Hawkeye–Security Ins. Co. v. Ford Motor Co.*, 174 N.W.2d 672, 683 (Iowa 1970). Our case law has recognized four possible grounds for indemnity: (1) express contract; (2) vicarious liability; (3) breach of independent duty to the indemnitee; and (4) primary as opposed to secondary liability.[1] *Sweeny v. Pease*, 294 N.W.2d 819, 821 (Iowa 1980).

Of the four grounds for indemnity we recognized in *Sweeny*, only the fourth ground, primary as opposed to secondary liability, falls within the fact pattern in this case. In discussing the fourth ground, we reasoned that the right of indemnity rests upon a difference between primary and secondary liability of two persons, each of whom is made responsible by the law to an injured party. *Id.* at 822. It is a right which inures to a person "without active fault on his or her own part, who has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another...." *Id.* Active fault involves some positive act or breach of duty to act. *Id.* at 823.

Other courts have rejected claims similar to those advanced by plaintiff and held that a manufacturer's strict liability is primary rather than secondary liability. *De Anda v. Midland Ross Corp.*, 644 F.Supp. 263, 266 (N.D.Ill.1986); *Davis v. F.M.C. Corp. Food Processing Mach. Div.*, 771 F.2d 224, 229 (7th Cir.1985); *Rosado v. Proctor & Schwartz Inc.*, 66 N.Y.2d 21, 494 N.Y.S.2d 851, 854, 484 N.E.2d 1354, 1357 (1985); *Sydenstricker v. Unipunch Products, Inc.*, 169 W.Va. 440, 288 S.E.2d 511, 516 (1982); accord, *Williams v. Litton Sys., Inc.*, 164 Mich.App. 195, 416 N.W.2d 704, 707 (1987). In rejecting the claim that products liability

---

1. Since adoption of comparative fault, 1984 Iowa Acts ch. 1293 (codified at Iowa Code chapter 668), we have decided that the doctrine of indemnity based on active-passive negligence does not fit within our statutory scheme of comparative fault and abandoned indemnity based on active-passive negligence. *American*

*Trust & Sav. Bank v. United States Fidelity & Guar. Co.*, 439 N.W.2d 188, 190 (Iowa 1989). We need not decide whether this ruling is binding on a judgment secured before the statutory changes since we decide this case on other grounds.

is a species of liability without fault, the New York court in *Rosado* stated:

> A strict products liability action is not analogous to vicarious liability, resulting in the imposition of liability without regard to fault. A manufacturer is held accountable as a wrongdoer, and, while the proof that must be adduced by a plaintiff is not as exacting as it would be in a pure negligence action, a prima facie case is not established unless it is shown, among other things, that in relation to those who will use it, the product was defective when it left the hands of the manufacturer because it was not reasonably safe.

494 N.Y.S.2d at 854, 484 N.E.2d at 1357. The federal court in *Davis* concludes that liability for foreseeable misuse is primary liability by reasoning that this knowledge should have alerted the manufacturer to take steps to prevent the resulting injuries. 771 F.2d at 231.

We agree with these authorities and hold that a manufacturer held strictly liable may not seek indemnity from its purchaser or user based on a theory of misuse or alteration. Under this holding, we believe it unnecessary to discuss the topic of issue preclusion. Consequently, we affirm the trial court's grant of summary judgment.

■ II. *Application to amend.* The trial court denied plaintiff's application to amend its petition to include an independent cause of action against River City for fraudulent concealment. The amendment challenges the deposition and original trial testimony of decedent's brother who, through his corporation, was the previous owner of the washer. The trial court disallowed the application to amend on the basis that the application was untimely. The court explained that the application did not set forth reasons why such testimony was not subject to effective cross-examination, failed to disclose when the plaintiff learned of the facts necessary to the count, and the application was filed contemporaneously with the hearing on River City's motion for summary judgment.

Plaintiff concedes that our review of the trial court's ruling is whether it abused its discretion. We have examined the record and find no abuse of discretion.

In summary, we affirm the rulings of the district court.

AFFIRMED.