**Donn Robert FOLEY, Plaintiff,**

**v.**

**CASE CORPORATION and Hunt Tractor, Inc., Defendant.**

**No. NA 93-8 C.**

United States District Court,
S.D. Indiana,
New Albany Division.

Oct. 25, 1994.

William Edward Jenner, Jenner & Auxier, Madison, IN, for plaintiff.

Edward H. Stopher, Jeffrey L. Hansford, Paula F. Sherlock, Boehl Stopher & Graves, Louisville, KY, for defendant.

MEMORANDUM ENTRY

BARKER, Chief Judge.

This matter is before the Court on Defendants' motion for summary judgment. For the reasons stated below, Defendants' motion is denied.

I. BACKGROUND

This is a diversity action arising out of personal injuries allegedly suffered by Plaintiff, Donn Robert Foley, on January 26, 1991, at the Jefferson Proving Ground ("JPG") in Madison, Indiana. Plaintiff, an employee of JPG, was a member of a four person demolition crew assigned to recover spent ammunition from the fields at JPG. At the time he was injured, Plaintiff was riding in the cab of a backhoe which was in transit to a job site. The backhoe was manufactured and sold to JPG by Ware Machine Works, which is not a party to this case.

The backhoe in which Plaintiff was riding was being pulled by a Case Corporation ("Case") 505 tractor. The tractor was manufactured by Defendant Case and sold to JPG by Defendant Hunt Tractor, Inc. ("Hunt"). The backhoe was attached to the tractor via an adaptor plate which was designed, manufactured, and installed by JPG in 1987. The backhoe had no independent means of support. The backhoe was hitched to the tractor so that the backhoe could to be raised and lowered hydraulically by the tractor operator using the reset switch and levers in the cab of the tractor.

The incident in question occurred on a Saturday. Plaintiff's crew was working overtime under the direction of crew leader Bob Dresselhaus. Following a coffee break, Dresselhaus attempted to lower the backhoe from its raised position to allow Plaintiff, who was suffering from a prior back injury, to climb into the backhoe cab more easily. Dresselhaus "hit" the "reset switch" in order to hydraulically reset the three-point hitch. However, the hydraulic lever did not respond at all; the hitch went neither up nor down. After trying three or four times to reset the hitch, Dresselhaus determined that it was not moving and left the hitch at its elevated height.

The crew continued back to work, even though Dresselhaus had determined that the reset switch was not functioning properly.

Normally Dresselhaus calls the mechanics when he detects a problem in the machinery. However, since it was a Saturday, Dresselhaus now surmises that there were not likely any mechanics at work. As the tractor and backhoe proceeded over the rough frozen field, through a small depression or ditch, and up onto an unpaved road, the backhoe allegedly lowered with such an alarming jolt that Plaintiff suffered severe and permanently disabling injuries to his previously injured back.

## II. DISCUSSION

In the instant action, Plaintiff asserts that he is entitled to damages arising out of the accident on theories of negligence, failure to warn, and strict product liability. Defendants have moved for summary judgment on the following grounds: 1) Plaintiff's injuries are the result of unforeseeable misuse and substantial modifications of the product; 2) Plaintiff's injuries are the result of a product malfunction or danger of which Plaintiff had notice; and, 3) Defendants never made any representations regarding and had no duty to warn about the fitness of the product when operated with the Ware backhoe attachment.

In this diversity case, although Indiana law controls the substantive issues, "the standard for deciding whether summary judgment [is] appropriate is a matter of federal law." *Jean v. Dugan,* 20 F.3d 255, 262–63 (7th Cir.1994). In passing on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or determine the truth of the matter, but it is instead to decide whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). The burden rests squarely on the party moving for summary judgment to show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). If doubts remain as to the existence of a material fact, then those doubts should be resolved in favor of the nonmoving party and summary judgment denied. *See Wilson v. Williams,* 997 F.2d 348, 350 (7th Cir.1993); *Wolf v. City of Fitchburg,* 870 F.2d 1327, 1330 (7th Cir.1989).

Plaintiff contends that the product malfunction is entirely attributable to the tractor and has nothing whatsoever to do with the backhoe or any modifications made to the tractor. Plaintiff's expert, Dr. Philip Nine, testified at his deposition that the hydraulic system which powers the three point hitch on the Case tractor presents a hazard by allowing particles of grit to become lodged in the hitch valve's servo spool. This obstruction of the servo spool, according to Dr. Nine, causes the three point hitch to stick in the position at which it rests when the blockage occurs. Dr. Nine contends that the accident in the instant case was caused when the three point hitch was left in an elevated position, allowing a particle to obstruct the servo spool and thereby causing the hitch to stick in that position. While the hitch remained stuck in the elevated position, air was introduced into the hydraulic system, causing a chain of events which concluded with the three point hitch dropping at an accelerated rate, resulting in allegedly severe and disabling injuries to Plaintiff.

Plaintiff and Defendants fundamentally disagree about the cause of the product malfunction. Both sides have expert testimony to support their respective positions. Defendants contend that the product malfunction was caused by product modifications. Defendants' motion for summary judgment is based in part on this theory. That is, Defendants argue that they are entitled to summary judgment because Plaintiff's injuries are the result of substantial modifications of the product which amount to an unforeseeable misuse of the tractor and present dangers about which Defendants have no duty to warn.

Modification or alteration of a product is a complete defense to certain product liability actions:

> It is a defense that a cause of the physical harm is a modification or alteration of the product made by any person after its delivery to the initial user or consumer if such modification or alteration is the proximate cause of physical harm where such modification or alteration is not reasonably expectable to the seller.

Ind.Code § 33-1-1.5-4(b)(3). Similarly, misuse of a product may provide a complete defense:

> It is a defense that a cause of the physical harm is a misuse of the product by the claimant ... not reasonably expected by the seller at the time the seller sold or other wise conveyed the product to another party.

Ind.Code § 33-1-1.5-4(b)(2). However, it is not for the Court to resolve the issue of fact concerning what, if any, aspect of the product at issue caused the malfunction. Therefore, there is a genuine issue of material fact as to whether Plaintiff's physical harm was caused by the any misuse or modification or alteration of the tractor.

Even if it were uncontroverted fact that the harm was caused by the modification or alteration, Defendants' motion on this issue would still fail.

> In a strict liability case, liability can be imposed on the manufacturer or seller "even though [a] product is altered or changed if it is foreseeable that the alteration would be made and the change does not unforeseeably render the product unsafe."

*Schooley v. Ingersoll Rand Inc.*, 631 N.E.2d 932, 938 (Ind.App.1994) (quoting *Craven v. Niagara Machine and Tool Works, Inc.*, 425 N.E.2d 654, 655 (Ind.App.1981)). Defendants concede that the tractor was manufactured with features that would allow for many possible uses: "The ... tractor ... was ... ordered by JPG with such optional equipment as a three point hitch and power take-off to afford maximum versatility." Memorandum Brief of Law in Support of Defendants' Motion for Summary Judgment at 6. There is still a genuine issue of material fact concerning whether it was unforeseeable or not reasonably expectable that JPG would alter or modify the tractor in the fashion in which it was done. That the tractor came equipped with a hitch is some indication of the foreseeability of how that tractor would be used.[1]

Regardless of what, in particular, caused the malfunction, Defendants argue that they are entitled to summary judgment because Plaintiff had notice of the danger or malfunction of the product. Defendants base this argument on testimony that Plaintiff and his supervisor attempted to lower the backhoe and, when the backhoe did not lower, they should have been able to surmise that the product was not operating correctly.

This defense, commonly referred to as incurred risk, has been codified in the Indiana products liability statute:

> [i]t is a defense that the user or consumer discovered the defect and was aware of the danger and nevertheless proceeded unreasonably to make use of the product and was injured by it....

Ind.Code § 33-1-1.5-4(b)(1). The defense of incurred risk can be found as a matter of law only if "the evidence is without conflict and the sole inference to be drawn is that the plaintiff 1) had actual knowledge of the specific risk and, 2) understood and appreciated the risk." *Schooley*, 631 N.E.2d at 940; *Smith v. AMLI Realty Co.*, 614 N.E.2d 618, 620-21 (Ind.App.1993). It is not enough to know that there is some problem or some risk in the use of a product if the user does not realize the full magnitude of the specific risk at hand. *Traylor v. Husqvarna Motor*, 988 F.2d 729, 732 (7th Cir.1993); *Moore v. Sitzmark Corp.*, 555 N.E.2d 1305 (Ind.App. 1990).

In the instant case, knowing that a feature of a product, i.e., the three point hitch, is not working correctly does not amount to actual knowledge that the hitch could spontaneously lower at an accelerated rate and cause injuries. Therefore, Defendants have not proven that Plaintiff had actual knowledge of the specific risk at hand. Accordingly, Defendants have not proven the defense of incurred risk as a matter of law.

## III. CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is denied.

It is so ORDERED.

1. Similarly, there is a genuine issue of material fact as to whether any misuse on the part of JPG and the Plaintiff could not be reasonably expected.